**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE TOWNE MORTGAGE COMPANY DATA SECURITY INCIDENT LITIGATION
_______________________________/

Case No. 2:25-cv-13677

Hon. Brandy R. McMillion
United States District Judge

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (ECF NO. 19)**

Plaintiffs Sheri Shelton, Thomas Stucky, Benjamin Powers, Gregg Richardson, Terecos Cromer, Donald Ferguson, Mohand Mermeche, Toby Sessoms, Brian Barnette, and Eugene Sikora (collectively, "Plaintiffs") bring this putative class action on behalf of themselves and all other similarly situated persons, against Defendant Towne Mortgage Company ("Towne"). *See generally* ECF No. 18. Their claims arise from a data breach (the "Data Breach" or "Cyberattack") in which their personally identifiable information ("PII") was allegedly compromised. ECF No. 18, PageID.186-187. The heart of the Plaintiffs' allegations is that the Data Breach resulted from Towne's failure to adequately protect their PII. *Id.* at PageID.188.

Towne moves to dismiss the Consolidated Class Action Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See generally* ECF No. 19. It argues that Plaintiffs lack Article III standing and fail to state a claim. *Id*. at PageID.285. The Motion is fully and adequately briefed, so the Court can rule

without a hearing and based on the record before it. *See* ECF Nos. 20, 22; *see also* E.D. Mich. LR 7.1(f)(2). For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant Towne's Motion to Dismiss. ECF No. 19.

## I.

Towne is a full-service mortgage lender headquartered in Troy, Michigan. ECF No. 18, PageID.187. Businesses like Towne require individuals like Plaintiffs to provide highly sensitive PII, including names, dates of birth, Social Security numbers, and financial and loan data in order to obtain mortgage loans and related services. *Id.* Plaintiffs allege that, in exchange for PII, Towne expressly and impliedly represented safeguards for sensitive PII. *Id.* at PageID.193-194.

On or around June 7, 2025, Towne detected that cyber attackers infiltrated Towne's network and accessed files containing Plaintiffs' and the Class's PII, including names, Social Security numbers, financial account numbers, loan numbers, and dates of birth. *Id.* at PageID.188, 196. A ransomware group later publicly claimed responsibility for the attack and posted samples of the stolen data. *Id.* at PageID.197. Towne concluded its investigation on October 14, 2025. *Id.* Towne did not notify affected individuals until more than five months after the breach—issuing notice letters to impacted individuals around November 15, 2025. *Id.* Plaintiffs allege numerous injuries as a result of this PII being compromised;

the specifics of which can be found in the Complaint.[1] *Id.* at PageID.190. Plaintiffs further assert that the Data Breach resulted from Towne's failure to implement reasonable safeguards to protect their PII. *Id.* at PageID.197-199.

Plaintiffs filed a Consolidated Class Action Complaint on February 12, 2026, almost three months after Towne notified them and the proposed class of the breach. *See* ECF No. 18. Plaintiffs brings five claims against Towne: Negligence/Negligence Per Se (Count I); Breach of Implied Contract (Count II); Unjust Enrichment (Count III); Breach of Fiduciary Duty (Count IV) and Violation of the California Consumer Privacy Act (Count V). *See id.* Towne filed its Motion to Dismiss on March 13, 2026, arguing that Plaintiffs lack Article III standing and fail to state a claim as to any of the five counts. ECF No. 19.

**II.**

Towne moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) or alternatively under Rule 12(b)(6). A motion under Rule 12(b)(1) challenges a court's subject-matter jurisdiction over claims presented. Fed. R. Civ. P. 12(b)(1). Such a motion attacks jurisdiction either facially or factually. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Towne challenges the Court's subject-

---

[1] These alleged injuries include: (1) financial cost incurred mitigating the materialized risk and imminent threat of identity theft; (2) loss of time and productivity incurred mitigating materialized risk and imminent threat of identity theft; (3) actual identity theft and fraud; (4) financial costs incurred due to identity theft; (5) loss of time incurred due to actual identity theft; (6) diminished value of their PII; (7) loss of privacy; (8) loss of benefit of the bargain; (9) emotional distress like anxiety and stress; and (10) ongoing risk to their PII. *See* ECF No. 18, PageID.190.

matter jurisdiction under both a facial attack and factual attack. A facial challenge requires the Court to accept as true the allegations in the pleadings and to construe them in the light most favorable to the nonmoving party. *Id.*

A factual attack is a challenge to the factual existence of subject matter jurisdiction. *Gen. Ret. Sys. of City of Detroit v. Snyder*, 822 F. Supp. 2d 686, 693 (E.D. Mich. 2011). There is no presumption of truthfulness as to Plaintiffs' Complaint and "the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (quoting *Ritchie*, 15 F.3d at 598). The burden remains with the Plaintiffs to establish that jurisdiction exists. *Shepherd v. Cancer & Hematology Centers of W. Michigan, P.C.*, No. 1:22-cv-734, 2023 WL 4056342, at *5 (W.D. Mich. Feb. 28, 2023) (citing *Rogers v. Stratton Indus. Inc.*, 798 F.2d 913, 915 (6th Cir. 1986) (per curiam)).

In reviewing a motion to dismiss for failure to state a claim under 12(b)(6), the Court "accept[s] all of the complaint's factual allegations as true and determine[s] whether these facts sufficiently state a plausible claim for relief." *Fouts v. Warren City Council*, 97 F.4th 459, 464 (6th Cir. 2024) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007)). The Court "must 'construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Norris v. Stanley*, 73

F.4th 431, 435 (6th Cir. 2023) (citations and internal quotation marks omitted). Facial plausibility requires a plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

## III.

Towne moves to dismiss Plaintiffs' complaint for failure to establish Article III standing and failure to state a claim as to any of their five counts. *See generally* ECF No. 19. The Court is bound to consider the standing question first "since the Rule 12(b)(6) challenge becomes moot if this court lacks subject-matter jurisdiction."[2] *Gen. Ret. Sys.*, 822 F. Supp. 2d at 693 (quoting *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir.1990). The Plaintiff bears the burden of proving subject-matter jurisdiction to survive dismissal. *Id*.

### A. ARTICLE III STANDING

To establish standing, a plaintiff must meet the minimum threshold of having "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Thompson v. Equifax Info. Servs.*, LLC, 441 F. Supp. 3d 533, 539 (E.D.

[2] Standing goes to a court's subject-matter jurisdiction. *Myslivecek v. FCA US LLC,* 839 F. Supp. 3d 659, 671 (E.D. Mich. 2026).

Mich. 2020) (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016)). The injury must be "concrete, particularized, and actual or imminent." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).

### *1. Plaintiffs Stucky, Powers, Richardson, Mermeche, and Sessoms*

Towne contends that these Plaintiffs have failed to allege facts demonstrating that they suffered actual, concrete injuries fairly traceable to Towne's conduct in connection with the Cyberattack. ECF No. 19, PageID.305. According to Towne, these Plaintiffs rely solely on a speculative risk of future harm and therefore do not allege an actual injury. *Id.* Towne correctly observes that these Plaintiffs do not allege that their PII was used to make fraudulent withdrawals, open credit card accounts, obtain loans, or otherwise commit identity theft. However, the inquiry does not stop there. The Court must analyze if there is an injury that is concrete, actual or imminent, particularized and redressable. *See TransUnion*, 594 U.S. at 423.

#### *a. Concreteness Requirement*

An injury is concrete if it is "real, and not abstract." *Spokeo*, 578 U.S. at 340. An intangible injury may qualify as concrete if it bears a "close relationship" to a harm traditionally recognized as a basis for suit at common law. *TransUnion*, 594, U.S. at 425-426. Those traditional harms include "disclosure of private information" and "intrusion upon seclusion." *Id.* at 425. An exact common law match is not

required. The question is whether the harm asserted is similar to one that is traditionally recognized. *Salazar v. Paramount Global*, 133 F.4th 642, 647-648 (6th Cir. 2025).

Here, Plaintiffs allege a diminished value to their PII. ECF No. 18, PageID.254-255. This Court has found this to be a cognizable injury when it is coupled with a reduced ability to participate in the digital economy or parts of the financial sector. *See In re Flagstar Dec. 2021 Data Sec. Incident Litig.*, No. 22-CV-11385, 2024 WL 5659583, at *5 (E.D. Mich. Sept. 30, 2024) (finding that diminished value was a cognizable injury where plaintiffs' credit score were also negatively impacted). In this case, Plaintiffs base their loss in value injury on the fact that there is a robust market for stolen PII on the dark web and some Plaintiffs' data was allegedly published to the dark web. ECF No. 20, PageID.415-416. This is not sufficient. *Polkowski v. Jack Doheny Companies*, Inc., No. 2:25-CV-10516, 2025 WL 3079358, at *5 (E.D. Mich. Nov. 4, 2025). Plaintiffs have not established Article III standing based on the diminished value of their PII.

Plaintiffs also allege a loss of privacy injury. They allege that cybercriminals targeted Towne's network and accessed and exfiltrated files containing names, Social Security numbers, financial account numbers, loan numbers, and dates of birth. ECF No 18, PageID.186-187, 197-198. This Court has previously held that a loss of privacy is not cognizable unless coupled with "a concrete or particularized

injury [that] arose [as a result]." *Flagstar*, 2024 WL 5659583, at *5. Here, only Plaintiffs Richardson and Sessoms allege that there was some further injury beyond exfiltration. *See* ECF No. 18, PageID.223, 236 (alleging each Plaintiff's PII was published on the dark web). Accordingly, only Richardson and Sessoms adequately allege a concrete injury based on a loss of privacy.

Additionally, all Plaintiffs allege to have experienced a significant increase in spam calls, text messages, and emails following the Data Breach. *See* ECF No. 18, PageID.213, 217, 220, 223, 226, 233, 236, 239, 242. Unsolicited communications of this kind resemble the common law tort of intrusion upon seclusion, and courts have found them a concrete injury in other contexts. *See Dickson v. Direct Energy, LP*, 69 F.4th 338, 345 (6th Cir. 2023); *Flagstar*, 2024 WL 5659583, at *5. Towne argues in reply that nothing links the spam to the Cyberattack. ECF No. 22, PageID.592. But that is a challenge to traceability, and the Court addresses it next.

*b. Traceability Requirement*

As noted above, Towne argues that nothing in the Complaint links the increased spam calls and emails to the Cyberattack. ECF No. 22, PageID.592. Plaintiffs assert that criminals use combined dossiers of stolen PII to target victims through spam and social engineering. ECF No. 18, PageID.248-249. But the Court finds that is not enough, and the increase in spam messages is too attenuated to create an inference of traceability. See *Doe v. Mission Essential Grp.*, LLC, No. 2:23-CV-

3365, 2024 WL 3877530, at *7 (S.D. Ohio Aug. 20, 2024) (finding that traceability was too speculative where Plaintiffs alleged an injury of increased spam calls without alleging that phone numbers or email addresses were accessed during the Data Breach). The spam allegations are therefore not fairly traceable to the conduct of Towne, and Plaintiffs do not have standing on the basis of increased spam messages.

As to the privacy injury of Plaintiffs Richardson and Sessoms, Plaintiffs allege that hackers were able to access their PII because Towne failed to encrypt it, require phishing-resistant multifactor authentication, train its employees or monitor its network. ECF No. 18, PageID.197-199. "[B]ut for [Towne's] allegedly lax security, the hackers would not have been able to steal Plaintiffs' data." *Galaria v. Nationwide Mut. Ins. Co.*, 663 F. App'x 384, 390 (6th Cir. 2016). This satisfies traceability at the pleading stage. Plaintiffs Richardson and Sessoms' privacy injury is sufficiently traceable.

*c. Actual Injury Requirement*

The alleged injury must be actual, not speculative. An injury is actual or imminent if it "impeded" or "frustrated" the Plaintiff's legal right. *Lewis v. Casey*, 518 U.S. 343, 353 (1996). Accepting as true that Plaintiffs' information was taken in the Cyberattack, the intrusion has already occurred and the legal right to privacy has been frustrated.

*d. Particularization Requirement*

The injury alleged must also be particularized. Particularization asks whether the injury affects the plaintiff "in a personal and individual way." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992). Here, each Plaintiff alleges that they received a notice from Towne that their information was compromised in the Data Breach. ECF No. 18, PageID.215, 218, 221, 231-232, 235. That supports a reasonable inference that each Plaintiffs data was among the files accessed.

*e. Redressability Requirement*

Finally, though not challenged, the Court finds that the alleged injury is redressable. Plaintiffs seek compensatory damages, and a favorable judgment could provide such a remedy. *Galaria v. Nationwide Mut. Ins. Co.*, 663 F. App'x 384, 390 (6th Cir. 2016). As such, Plaintiffs Richardson and Sessoms have established Article III standing based on their alleged privacy injury.

***2. Plaintiff Sikora***

Plaintiff Sikora alleges that an individual posing as a Towne employee induced him to make a $1,200 payment in June 2025. ECF No. 18, PageID.242. Towne disputes the timing of the allegation and submits evidence showing that the individual first contacted Plaintiff on May 12, 2025, and that Plaintiff made a payment of $1,022.14 on May 19, 2025. ECF No. 19, PageID.305; Ex. A, ¶9-10.

Because Towne relies on evidence outside the pleadings to dispute the jurisdictional facts alleged in the Complaint, the Court treats this portion of Towne's motion as a factual challenge to standing. *Gen. Ret. Sys. of City of Detroit*, 822 F. Supp. 2d at 693. In resolving such a challenge, the Complaint's allegations are not entitled to a presumption of truth, and "the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (quoting *Ritchie*, 15 F.3d at 598). The Plaintiff bears the burden of establishing jurisdiction. *Id.*

Here, Sikora does not dispute Towne's evidence regarding when the payment was made. Instead, Plaintiff responds that Towne's evidence identifies only when the Cyberattack was detected and does not foreclose the possibility that unauthorized access occurred earlier. ECF No. 20, PageID.416. That alone is insufficient to counter Towne's factual attack, especially since nothing in the Complaint alleges that the Cyberattack occurred before May 12. Pointing to gaps in defendant's evidence does not substitute for affirmative evidence supporting jurisdiction. *Flagstar*, 2024 WL 5659583, at *9. Absent such evidence, Sikora fails to carry his burden of showing that his payment injury is fairly traceable to the Cyberattack. Accordingly, Plaintiff Sikora lacks Article III standing as to the payment injury.

***3. Plaintiffs Barnette, Cromer, and Shelton***

Towne concedes that Shelton and Cromer have standing. ECF No. 19, PageID.294. However, it argues that Barnette does not have standing because he

does not allege any misuse of his information. *Id.* at PageID.305-306. Plaintiff Barnette alleges that, following the Data Breach, an unauthorized third party attempted to obtain a line of credit through his account with North Carolina State Federal Credit Union. ECF No. 18, PageID.239. Additionally, he alleges that his PII was published on the dark web. *Id.* These allegations establish a concrete privacy injury for the reasons stated *supra* (Section III.A.1.a). They also establish attempted misuse of his identity, rather than future speculative harms.

The injuries of all three Plaintiffs followed the Cyberattack and involve the types of information allegedly compromised, so they are fairly traceable to it. Each injury is also redressable through compensatory damages. *Galaria*, 663 F. App'x at 390-391.

***4. Alternative Grounds to Standing***

Alternatively, Plaintiffs allege a substantial risk of future harm, along with reasonably incurred mitigation efforts (time spent reviewing accounts, monitoring credit and changing passwords). ECF No. 18, PageID.214, 217, 220, 223, 226-227, 233, 236, 239, 243. Plaintiff Richardson also purchased credit monitoring. *Id.* at PageID.223. As this Court has previously held, such allegations survive a facial attack on standing. *In re Flagstar* 2024 WL 5659583, at *6; *Polkowski*, 2025 WL 3079358, at *5. Accordingly, all Plaintiffs have established Article III standing so

far as they are based on these grounds. Because Plaintiffs have standing to pursue damages[3], the Court proceeds to the Rule 12(b)(6) analysis.[4]

## B. FAILURE TO STATE A CLAIM

Applying Michigan's choice-of-law rules, the Court finds that Michigan law applies to Plaintiffs' tort and contract claims. *Hummel v. Teijin Auto. Techs., Inc.*, No. 23-CV-1034, 2023 WL 6149059, at *3 (E.D. Mich. Sept. 20, 2023) ("[A] federal court . . . must apply the choice-of-law rules of the forum state.") (finding Michigan tort and contracts law applied in a comparable data breach case).

### *1. Negligence (Count I)*[5]

To state a negligence claim, Plaintiffs must establish that "(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached a legal duty, (3) the

---

[3] The Court notes that Plaintiffs ask the Court to order Towne to strengthen its data security safeguards, submit annual audits and provide lifetime credit monitoring. *See* ECF No. 18, PageID.268, 282. A plaintiff seeking forward looking relief must show that the threatened injury is "certainly impending," or that there is a "substantial risk" it will occur. *TransUnion*, 594 U.S. at 435. Here, Plaintiffs allege no facts suggesting that a second breach of Towne's system is impending. And the requested improved security measures would not remedy an injury that has already occurred. *See Lochridge v. Quality Temp. Servs., Inc.*, No. 22-cv-12086, 2023 WL 4303577, at *8 (E.D. Mich. June 30, 2023) Accordingly, the Court finds that Plaintiffs lack standing to pursue the claims for injunctive and declaratory relief, and they are therefore **DISMISSED**, *sua sponte*. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

[4] Plaintiff Donald Ferguson was originally named in the Complaint. Towne moved to dismiss his claims for lack of standing because he was never a Towne customer. ECF No. 19, PageID.304. Plaintiffs did not contest this, and Ferguson voluntarily dismissed his claims with prejudice. ECF No. 21. Ferguson has been terminated as a party, and the Court does not address Towne's arguments as to him.

[5] The Court notes that "negligence *per se* is not an independent cause of action." *Abenet v. Coca-Cola Co.*, 786 F. Supp. 2d 1314, 1345 (W.D. Mich. 2011). To the extent Count I asserts negligence

plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Hummel*, 2023 WL 6149059, at *5 (quoting *Hill v. Sears, Roebuck & Co.*, 492 Mich. 651, 660 (2012)).

*a. Duty and Breach*

"Companies have a duty to take reasonable precautions" to protect users' PII "due to the reasonably foreseeable risk of danger of a data breach incident." *Lochridge*, 2023 WL 4303577, at *6 (internal quotations omitted). Towne owed that duty here. And Plaintiffs allege that Towne breached that duty by failing to implement and maintain reasonable, industry-standard safeguards, including encryption, multifactor authentication, employee cybersecurity training, adequate data retention practices, and failing to monitor its systems for malicious activity and timely notify Plaintiffs of the Data Breach. ECF No. 18, PageID.263-265. Those allegations exceed a conclusory recitation of industry standards. *Flagstar*, 2024 WL 5659583, at *11. As such, Plaintiffs have sufficiently pled a breach of duty.

*b. Damages*

Under Michigan law, the injury in a negligence action must be an actual, present injury. *See Doe v. Henry Ford Health Sys.*, 308 Mich. App. 592, 600 (2014). Damages incurred in anticipation of a future injury are not cognizable under a

---

*per se*, it is treated as part of the negligence claim and proceeds only as to Plaintiffs Shelton and Cromer.

negligence theory. *Henry v. Dow Chem. Co.*, 473 Mich. 63, 73 (2005). Here, Plaintiffs Stucky, Powers, Richardson, Mermeche, Sessoms, and Sikora allege time spent monitoring their accounts and credit reports, mitigation efforts, emotional distress[6], and increased risk of future identity theft. ECF No. 18, PageID.217, 220, 223, 233, 236, 243. Richardson also alleges the cost of a credit-monitoring subscription. *Id.* at PageID.223. Because these harms were incurred in anticipation of possible future injury rather than in response to a present compensable loss, they do not constitute cognizable negligence damages under Michigan law. *See Doe*, 308 Mich. App. at 601.

The privacy injury also cannot supply negligence damages. Under tort law, invasion of privacy is its own separate claim. Michigan courts have declined to treat the unauthorized access or release of information, by itself, as a compensable injury. *Nyman v. Thomson Reuters Holding, Inc.*, 329 Mich. App. 539, 553-554 (2019); *Polkowski*, 2025 WL 3079358, at *8. The same is true of the alleged diminution of value of Plaintiffs' PII. *Rakyta v. Munson Healthcare*, No. 354831, 2021 WL 4808339, at *5 (Mich. Ct. App. Oct. 14, 2021).

Plaintiffs also point to increased spam calls, text messages, and emails. Evening assuming that such spam increase were sufficient for Article III purposes,

[6] Emotional distress supports a negligence claim only when accompanied by physical manifestations, which no Plaintiff alleges. *Henry*, 473 Mich. at 79. Accordingly, the alleged emotional distress does not supply cognizable negligence damages.

Michigan negligence law asks a different question: whether the plaintiff has suffered an actual, present injury, as opposed to damages incurred in anticipation of possible future harm. *Doe*, 308 Mich. App. at 600-01. Plaintiffs describe the spam as evidence that their PII is being misused. *See* ECF No. 18, PageID.213, 217, 220, 223, 226, 233, 236, 239, 242. They do not allege that any spam resulted in a financial loss, a compromised account, or an injury to their credit or identity. Without such an allegation, the spam is, at most, a sign of possible future misuse.[7] Accordingly, increased spam does not supply cognizable negligence damages.

Plaintiffs rely heavily on *Kingen* and *Lochridge*, which they argue hold that the theft or misuse of PII is a present injury under Michigan law. *See* ECF No. 20, PageID.417-419; *see generally Kingen v. Warner Norcross + Judd LLP*, No. 1:22-CV-01126, 2023 WL 11965363, at *1 (W.D. Mich. Oct. 5, 2023). They also argue that *Doe*, *Henry*, and *Rakyta* are distinguishable because those plaintiffs did not allege exfiltration, dark-web publication, or misuse. *Id.* The Court is not persuaded as to theft and publication. *Kingen* is not binding, and this Court has already held that the posting of stolen PII on the dark web "cannot be remedied under Michigan law because disclosure of stolen information alone is not a present injury if no actual

[7] The decisions Plaintiffs cited hold spam messages sufficient for standing or apply other states' tort law. *See In re Manpower of Lansing, MI, Inc., Breach Litig., No. 1:25-cv-956 (W.D. Mich. Mar. 19, 2026)*; *Silveira v. Com.. Specialty Truck Holdings, LLC, 2025 WL 2323911, at *5 (E.D. Ky. Aug. 12, 2025)*. They do not displace *Doe* and *Henry*, which bind this Court on Michigan's present-injury requirement.

identity theft resulted." *Polkowski*, 2025 WL 3079358, at *8; *see also Nyman*, 329 Mich. App. at 553-54. Further, *Doe* turned on the absence of present injury to the plaintiff's credit or identity, not on whether a third party viewed the information. 308 Mich. App. at 601. The question is therefore whether a Plaintiff alleges such a present injury. And here, most Plaintiffs do not.

Plaintiff Barnette alleges only an unauthorized inquiry for a line of credit, which is an attempt, and there are no allegations of resulting loss, denial of credit, or damage to his credit. ECF No. 18, PageID.239. His remaining harms are mitigation, distress, and risk of future harm, which do not state negligence damages for the reasons above. Barnette's negligence claim therefore fails under Rule 12(b)(6).

However, Plaintiffs Shelton and Cromer are different. Plaintiff Shelton alleges that following the Data Breach, an unauthorized third party made a charge of more than $1,000 on her credit union account. ECF No. 18, PageID.213-214. Plaintiff Cromer alleges that an unauthorized third party opened a bank account in her name and attempted to open a line of credit. ECF No. 18, PageID.226. *Doe* held that credit-monitoring costs were not recoverable "[a]bsent some . . . indication of present injury to [] credit or identity." 308 Mich. App. at 601. An unauthorized charge on one's account and the opening of an account in one's name are such indications. The harm is not a fear of what might happen, it is that a third party has

already assumed their identity to obtain a financial product, which is the identity theft that the plaintiff in *Doe* could not allege.

*Lochridge* reached the same conclusion on similar facts, finding a present injury where PII had "already [been] used to fraudulently open an account and apply for a loan." 2023 WL 4303577, at *6. Towne argues that Cromer alleges no financial loss. *See* ECF No. 22, PageID.591-592. But Michigan's rule asks whether the injury is actual and present, not whether it has yet been monetized. *Henry*, 473 Mich. at 72-73. Plaintiffs Cromer and Shelton have therefore alleged a present injury sufficient to proceed to causation.

*c. Causation*

Michigan negligence requires both cause in fact and proximate cause. *Craig v. Oakwood Hosp.*, 471 Mich. 67, 86-87 (2004). Towne argues that Shelton and Cromer do not allege that they provided Towne with the account information used in the fraud, and that their claim rests on temporal proximity alone. ECF No. 19, PageID.312-313; ECF No. 22, PageID.592. The Court disagrees on both points. Towne's reliance on *In re Grede Holdings LLC Data Breach Litig.*, No. 25-CV-10831, 2026 WL 396292, at *3 (E.D. Mich. Feb. 12, 2026) is misplaced. *See* ECF No. 19, PageID.314. In *Grede*, the compromised data included no financial account information and the plaintiffs alleged nothing beyond temporal proximity. *In re Grede*, 2026 WL 396292, at *3. Distinctly different here, Plaintiffs allege that

financial account numbers were among the data taken, that Shelton and Cromer received notice that their information was involved, and that they have not been victims of any other data breach. ECF No. 18, PageID.197, 213, 225. These allegations therefore go beyond temporal proximity.

Moreover, Shelton alleges her financial account information was compromised. ECF No. 18, PageID.197. Cromer's causation allegations are, if anything, stronger. The fraud she alleges, opening a new account and applying for credit in her name, does not depend on her having given Towne a particular account number. It depends on the identifying information that Plaintiffs allege was taken: names, Social Security numbers, dates of birth and financial information. *Id.* Cromer received notice that her information was involved. *Id.* at PageID.225. And Plaintiffs allege that criminals combine stolen data into "Fullz" packages used for precisely this kind of fraud. *Id.* at PageID249-250. Causation is generally a question for the jury unless the facts are so clear that reasonable persons must agree. *Payne v. Novartis Pharms. Corp.*, 767 F.3d 526, 533 (6th Cir. 2014). Drawing reasonable inferences in Plaintiffs Shelton's and Cromer's favor, their allegations plausibly show that Towne's failure to safeguard their information was a cause in fact of the fraud, and the proximate cause as well. *Hummel*, 2023 WL 6149059, at *12; *Flagstar*, 2024 WL 5659583, at *11.

The Court therefore finds that the Negligence Claim (Count I) is **DISMISSED** as to all Plaintiffs except Plaintiffs Shelton and Cromer who have plausibly stated a claim for relief.

**2. *Breach of Implied Contract (Count II)***

The elements to state a claim for an implied contract are the same three elements necessary to state an express contract claim. A plaintiff must allege facts sufficient to show: "(1) there was a contract, (2) the other party breached the contract, (3) this breach resulted in damages to the party claiming breach." *Johnson v. Westfield Ins. Co.*, No. 2:19-cv-11213, 2019 WL 3456808, at *2 (E.D. Mich. July 31, 2019) (citing *Miller-Davis Co. v. Ahrens Const., Inc.*, 495 Mich. 161, 178 (2014)). An implied contract "may arise from [the parties'] conduct, language, or other circumstances evidencing their intent to contract." *Lochridge*, 2023 WL 4303577, at *7 (citing *Featherston v. Steinhoff*, 226 Mich. App. 584 (1997)). An implied contract must still "satisfy the elements of mutual assent and consideration." *Hummel*, 2023 WL 6149059, at *8 (quoting *Mallory v. City of Detroit*, 181 Mich. App. 121, 127 (1989)).

*a. Mutual Assent*

Plaintiffs adequately allege mutual assent. They allege that Towne required them to provide their PII as a condition of receiving mortgage services and that, by accepting that information, Towne implicitly assured them that it would be

reasonably protected. ECF No. 18, PageID.268-270. As the Court explained in *Flagstar*, when a person provides sensitive information to obtain a service, that person may reasonably expect an implied assurance that the recipient will protect that information. *Flagstar*, 2024 WL 5659583, at *13. Mutual assent is therefore satisfied.

*b. Consideration*

Towne next argues that Plaintiffs have not identified an independent source of consideration and providing the PII was ancillary to the loan agreement. ECF No. 19, PageID.315. The Court disagrees. In *Polkowski*, the Court held that an employee's provision of PII was "merely incidental" to the employment relationship and could not serve as consideration for a separate promise to safeguard it. *Polkowski*, 2025 WL 3079358, at *10. The allegations here, however, are different. Plaintiffs allege that providing their PII was not incidental to the lending relationship, but rather an essential precondition to it. Towne "could not perform its operations or provide its revenue-generating services without collecting" it. ECF No. 18, PageID.187, 195. As such, Towne accepted the PII in exchange for an implied promise to protect it. *Id.* at PageID.268-270. And courts in this District have found such allegations sufficient to plead consideration. *Hummel*, 2023 WL 6149059, at *9; *Lochridge*, 2023 WL 4303577, at *7.

*c. Breach*

The Court also finds that Plaintiffs adequately allege breach by alleging Towne failed to use reasonable and secure systems, resulting in the unauthorized disclosure of their PII. ECF No. 18, PageID.270-271. Similar allegations carried the day in *Flagstar*, and therefore, Plaintiffs plausibly allege breach of duty. *See Flagstar,* 2024 WL 5659583, at *13.[8]

*d. Damages*

Future harm is not cognizable damage for breach of contract under Michigan law. *Doe*, 308 Mich. App. at 602. For the reasons stated *supra* (Section III.B.1.b), no Plaintiff other than Shelton and Cromer alleges a present loss resulting from the breach. Plaintiffs' assertion that they received mortgage services of diminished value likewise fails because they do not identify a portion of their payments attributable to data security or allege how the value of the services received was reduced. ECF No. 18, PageID.271. Shelton, by contrast, alleges an actual financial loss, and Cromer alleges the present misuse of her identity. Neither is a damage incurred in anticipation of future harm.

---

[8] Towne also argues, relying on *Belle Isle Grill Corp. v. City of Detroit*, 256 Mich. App. 463, 478 (2003), that no implied contract exists where an express contract covers the same subject matter. ECF No. 19, PageID.315. But Towne does not identify any provision of the parties' loan agreements addressing data security, and those agreements are not before the Court. Plaintiffs' implied contract rests on Towne's conduct in requiring and accepting their PII. ECF No. 18, PageID.268-269.

Accordingly, Towne's motion to dismiss Count II is **DENIED** as to Plaintiffs Shelton and Cromer and **GRANTED** as to all other Plaintiffs.

### 3. *Unjust Enrichment (Count III)*

To state a claim for unjust enrichment under Michigan law, a plaintiff must demonstrate "(1) the receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant." *Lochridge*, 2023 WL 4303577, at *6. That benefit comes "directly from the plaintiff." *Id*. at *7. Mere monetary benefits derived from the "use of Plaintiffs' [PII]" are not sufficiently direct from the Plaintiff to satisfy the first prong of an unjust enrichment claim. *Id*.

Here, Plaintiffs allege that they directly conferred a benefit on Towne by providing PII that Towne required to authorize loans and operate its mortgage business. ECF No. 18, PageID.272-274. They further allege that Towne retained their mortgage payments while saving costs through inadequate cybersecurity measures. *Id*. These allegations do not establish that the Plaintiffs directly conferred an independent monetary benefit on Towne.

As the Court has previously recognized, a defendant's ability to retain, use, sell, or profit from plaintiff's PII does not establish that a monetary benefit passed directly from the plaintiff to the defendant. *See Flagstar*, 2024 WL 5659583, at *11. Plaintiffs directly provided their PII, but the alleged revenue Towne derived from

using that information resulted from Towne's subsequent business activities. Likewise, Towne's alleged cost savings from underinvesting in cybersecurity were the product of its internal spending decisions, not transfer of value from Plaintiffs. *See Polkowski*, 2025 WL 3079358, at *11.

Plaintiffs' benefit of the bargain theory is similarly deficient. While Plaintiffs allege their mortgage payments include compensation for data security, they identify no separate security-related charges, price premium, or portion of their payments attributable to protecting their PII. *See* ECF No. 18, PageID.257-258. Instead, Plaintiffs provided their PII and made payments as part of their contemplated mortgage services transactions. Thus, any benefit Towne received was incidental to that relationship rather than an independent benefit unjustly retained at Plaintiffs' expense. Plaintiffs therefore fail to allege the direct conferral and inequity necessary to state an unjust enrichment claim.

Accordingly, Count III is **DISMISSED** as to all Plaintiffs.

***4. Breach of Fiduciary Duty (Count IV)***

To establish a claim for breach of fiduciary duty, a plaintiff must allege (1) that Towne owed a fiduciary duty to Plaintiffs and the proposed class; (2) that Towne breached that duty; and (3) that Plaintiff suffered damages caused by Towne's breach. *Brooks Williamson & Assocs., Inc. v. Braun*, No. 357170 WL 1508992, at *5 (Mich. Ct. App. May 12, 2022). A fiduciary relationship arises from the "reposing

of faith, confidence, and trust and the reliance of one on the judgment and advice of another." *Petroleum Enhancer, LLC v. Woodward*, 690 F.3d 757, 765 (6th Cir. 2012) (quoting *Teadt v. Lutheran Church Mo. Synod*, 237 Mich. App. 567, 603 (Mich. Ct. App. 1999)). A breach of fiduciary duty arises when a person in a position of influence and confidence abuses that influence or betrays that confidence. *Teadt*, 237 Mich. App. at 581. Handling another person's private information does not, standing alone, create a fiduciary relationship. *Delphi Automotive PLC v. Absmeier*, 167 F. Supp. 3d 868, 884 (E.D. Mich. 2016). Rather, the relationship must involve faith, confidence, and trust, coupled with one party's dominant influence or control over the other's affairs. *Highfield Beach v. Sanderson*, 331 Mich. App. 636, 666 n.13, (2020).

The Court previously held that handling an employee's personal information does not create a fiduciary relationship because merely holding or managing information as part of an underlying administrative relationship does not establish the necessary influence or control. *See Polkowski*, 2025 WL 3079358 at *10. The same reasoning applies here. Towne obtained Plaintiffs' PII as part of a mortgage service relationship. This relationship does not establish that Towne assumed control over Plaintiffs' affairs, undertook to advise or represent them, or agreed to place their interest ahead of its own. Accordingly, Plaintiffs' breach of fiduciary duty claim fails. The Court, therefore, **GRANTS** Towne's motion to dismiss Count IV.

### 5. *Violation of California Consumer Privacy Act ("CCPA") (Count V)*

The CCPA provides "[a]ny consumer whose nonencrypted and nonredacted personal information ... [that] is subject to an unauthorized access and exfiltration, theft, or disclosure as a result of the business's violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information may institute a civil action." Cal. Civ. Code § 1798.150(a)(1). Towne argues that Plaintiffs' CCPA claims should be dismissed because they fail to sufficiently allege that Towne qualifies as a "business" under the statute. *See* ECF No. 19, PageID.319-320. To qualify as a "business," an entity must collect consumers' personal information and determine the purpose and means of processing that information. Cal. Civ. Code § 1798.140(d)(1).

Plaintiffs allege that Towne required customers to provide Private Information, collected and processed that information to provide mortgage services, and earned more than $25 million in annual revenue. ECF No. 18, PageID.279-281. These allegations permit the reasonable inference that Towne collected consumers' information and determined the purposes and means of its processing. Moreover, Plaintiffs also alleged more than a conclusory failure to maintain reasonable security. They identify Towne's failure to encrypt Private Information, implement phishing-resistant multifactor authentication, adequately train employees, and monitor its

networks and systems. ECF No. 18, PageID.266. And this Court has previously held that these types of allegations are sufficient to state a claim for relief. *See Flagstar*, 2024 WL 5659583, at *14 (citing *Mehta v. Robinhood Fin. LLC*, No. 21-CV-01013-SVK, 2021 WL 6882377, at *8 (N.D. Cal. May 6, 2021) (finding Plaintiffs stated a claim by alleging that defendants "allow[ed] unauthorized users to view, use, manipulate, exfiltrate, and steal the nonencrypted and nonredacted personal information of Plaintiffs and other customers, including their personal and financial information.").

Accordingly, Towne's motion to dismiss Count V is **DENIED** as to Plaintiffs Shelton and Richardson.

**IV.**

For the stated reasons, Towne's Motion to Dismiss (ECF No. 19) is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS HEREBY ORDERED** that Plaintiff Sikora's claims to the extent premised on the alleged $1,200 payment are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that all Plaintiffs' claims for injunctive and declaratory relief are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that Counts I and II as to Plaintiffs Stucky, Powers, Richardson, Mermeche, Sessoms, Barnette, and Sikora are **DISMISSED WITH PREJUDICE** for failure to state a claim.

**IT IS FURTHER ORDERED** that Counts III and IV as to all Plaintiffs are **DISMISSED WITH PREJUDICE** for failure to state a claim.

**IT IS FURTHER ORDERED** that the Motion is **DENIED** as to Shelton's and Cromer's Claim for Negligence (Count I) and breach of implied contract (Count II).

**IT IS FURTHER ORDERED** that the Motion is **DENIED** as to Plaintiffs Shelton and Richardson's claims under the California Consumer Privacy Act (Count V).

**IT IS FURTHER ORDERED** that Defendant shall file an Answer to Counts I and II (as to Plaintiffs Shelton and Cromer only) and Count V (as to Plaintiffs Shelton and Richardson only) on or before **December 7, 2026**.

**IT IS SO ORDERED.**

Dated: November 17, 2026
Detroit, Michigan

s/Brandy R. McMillion
HON. BRANDY R. MCMILLION
United States District Judge